UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE L. DeFLICE,

        Plaintiff,

v.                                                        Case No. 08-14734
                                                          Honorable Denise Page Hood
HERITAGE ANIMAL HOSPITAL, INC.,
a Michigan corporation, EARL D. CORNPROBST,
and CHERYL A. CORNPROBST,

       Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF FRONT PAY DAMAGES AND TO LIMIT EVIDENCE OF BACK PAY DAMAGES, IF ANY**

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff Nicole L. DeFelice's Motion for Partial Reconsideration of Defendants' Motion in Limine to Exclude Evidence of Front Pay Damages and to Limit Evidence of Back Pay Damages, If Any. **Docket No. 81, filed October 12, 2010**.

**II.    ANALYSIS**

Pursuant to E.D. Mich. L.R. 7.1(g)(3) "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." A motion for reconsideration is only proper if the movant shows that the court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plan." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). The movant must also

demonstrate that the disposition of the case would be different if the palpable defect were cured. E. D. Mich. L.R. 7.1(g)(3).

Plaintiff argues that this Court improperly relied on *Shore v. Federal Express Corp*, 777 F.2d 1155, 1160 (6th Cir. 1985) when granting the Defendants' motion to exclude evidence of front pay. Plaintiff further contends that this Court's decision is contrary to the weight of case law in the Sixth Circuit regarding an award of front pay. Plaintiff reasons that this Court's decision would undercut the rationale behind the duty to mitigate because it would discourage wrongfully discharged employees from taking employment with new businesses or pursuing education if they are unable to find comparable employment.

Plaintiff's contentions are valid. There was a "palpable defect" in the application of the *Shore* decision for the narrow proposition that Plaintiff's decision to attend college alone was a basis for denying front pay. *See Shore,* 777 F.2d at 1160 (declining to consider the cost of a college degree as the basis for a front pay award); *see also Killian v. Yoruozu Automotive Tennessee, Inc.,* 454 F.3d 549, 557 (6th Cir. 2006) (reasoning that plaintiff enrolling in school when there were no comparable positions available did not constitute a failure to mitigate). However, Plaintiff has not demonstrated that if this defect were cured the Court's disposition would be different.

Front pay is an equitable remedy meant to place a wrongfully displaced employee in the same financial position post-judgment as he or she would have had but for the termination. *Michael v. Windsor Gardens, LLC*, 2005 WL 1320189, *4 (E.D. Tenn. 2005); *see also Shore v. Federal Express Corp.*, 42 F.3d 373 (6th Cir. 1994). The relevant inquiry is not whether Plaintiff found interim employment but whether Plaintiff found substantially similar or comparable employment. "Substantially equivalent" employment has "virtually identical promotional

opportunities, compensation, job responsibilities, working conditions, and status." *Shore*, 42 F.3d at 378 (quoting *Rasimas v. Michigan Dept. of Mental Health,* 714 F.2d 614, 624 (6th Cir. 1983)). The Sixth Circuit has found an award of front pay appropriate when the employee has found interim employment that was not substantially equivalent. *See Madden v. Chattanooga City Wide Service Dept.*, 549 F.3d 666, 680 (6th Cir. 2008) (affirming front pay award of employee who returned to school after taking a non-comparable temporary part-time position); *Shore,* 42 F.3d at 378 (affirming front pay award when comparable employment was "probably non-existent" given the unique nature of plaintiff's previous employment); *Michael*, 2005 WL 1320189, *4-8 (affirming front pay award where plaintiff had found position that paid more but that did not have equivalent benefits and was part-time); *Kulling v. Grinders for Industry, Inc.,* 185 F.Supp.2d 800, 812 (E.D. Mich. 2002) (affirming front pay award when plaintiff had "somewhat comparable employment" that did not have "wholly equivalent pay and benefits" as previous position).

As previously noted, front pay is not meant to "insure plaintiff against *subsequent* changes in employment." *Evanoff v. Banner Mattress Co., Inc.*, 2009 WL 1707868, *2 (N.D. Ohio 2009) (affirming denial of front pay where plaintiff secured an interim position with better benefits, higher salary, and greater responsibilities although plaintiff was later laid off). Here, Plaintiff was able to secure comparable employment that placed her in a "substantially equivalent" position. Although Plaintiff had slightly fewer hours at Advanced, she earned more per hour and had better benefits. Front pay is inappropriate under these circumstances.

**III.    CONCLUSION**

Plaintiff has failed to meet the standard for reconsideration. She has not demonstrated that curing the "palpable defect" would change this Court's original disposition. Pursuant to Local Rule 7.1(g)(3), Plaintiff's motion for reconsideration must be DENIED.

Accordingly,

**IT IS ORDERED** that the Plaintiff Nicole L. DeFelice's Motion for Partial Reconsideration of Defendants' Motion in Limine to Exclude Evidence of Front Pay Damages and to Limit Evidence of Back Pay Damages, If Any **[Docket No. 81, filed October 12, 2010]** is **DENIED.**

                                              **s/Denise Page Hood**
                                              **United States District Judge**

**Dated: September 29, 2011**

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2011, by electronic and/or ordinary mail.

                                              **s/LaShawn R. Saulsberry**
                                              **Case Manager**